UNITED STATES DISTRICT COURT     JS-6 / REMANDED
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 21-5157-DMG (PDx)** | Date | October 6, 2021 |
| Title | *Justin Damiano v. Diamond W Inc., et al.* | Page | 1 of 4 |

Present: The Honorable    **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND MOTION TO REMAND [25]**

**I.
BACKGROUND**

Plaintiff Justin Damiano alleges that he suffered injuries when he fell through a skylight that unexpectedly collapsed while he was working on the roof of 19301 E. Walnut Drive North, City of Industry, California ("the Property") on August 19, 2019. On April 22, 2021, Plaintiff filed a Complaint in Los Angeles County Superior Court against Diamond W Supply Co. (erroneously named as Diamond W Inc.), Industrial Park E Sub B LLC ("Industrial Park"), and 30 Doe Defendants. He asserts claims for general negligence and premises liability. Notice of Removal ("NOR"), Ex. A [Doc. # 4 ("Complaint")].

On June 24, 2021, Industrial Park removed the action, asserting diversity jurisdiction pursuant to 28 U.S.C. section 1332 because Plaintiff is a California citizen, Industrial Park is citizen of Delaware and Iowa, and the amount in controversy exceeds $75,000. NOR at ¶ 10. Industrial Park also claimed that Plaintiff fraudulently named "Diamond W Inc.," a non-existent entity, as a Defendant and that the Court should disregard its citizenship for the purpose of determining jurisdiction. *Id.* at ¶ 11. On July 9, 2021 Plaintiff filed a First Amended Complaint ("FAC") as a matter of course, identifying three additional Defendants: RGE Motor Direct, Inc., ASI Network, Inc., and OneBigOutlet, each of which are California citizens. [Doc. # 8.]

On September 10, 2021, Plaintiff filed the instant motion to remand the case to state court for lack of subject matter jurisdiction because Diamond W Supply, though erroneously named, was a California citizen properly served and joined in the original Complaint. [Doc. # 25 ("MTR").] Plaintiff concurrently also seeks leave to amend the FAC to add two new Defendants—Tiarna Real Estate Services, Inc. and Alex Damer—both California citizens. The MTR is fully briefed. [Doc. ## 27 ("Opp."), 30 ("Reply").] Having considered the parties' written submissions, the Court **GRANTS** the MTR.

UNITED STATES DISTRICT COURT     JS-6 / REMANDED
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-5157-DMG (PDx) | Date | October 6, 2021 |
|---|---|---|---|
| Title | *Justin Damiano v. Diamond W Inc., et al.* | Page | 2 of 4 |

## II.
## LEGAL STANDARD

Diversity jurisdiction under 28 U.S.C. § 1332 requires that the parties to a suit be of diverse citizenship. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (internal citations omitted). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

"[T]here is a general presumption against fraudulent joinder." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Yet, fraudulently joined defendants do not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). A removing defendant must "show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant" and "that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted); *see also Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016) (same).

## III.
## DISCUSSION

First, removal and the exercise of diversity jurisdiction are not warranted simply because Plaintiff incorrectly named Diamond W Inc. instead of Diamond W Supply in the original Complaint. In its NOR, Industrial Park contends that Diamond W Inc.'s citizenship should be disregarded because it is a fictitious entity under 28 U.S.C. section 1441(b)(1). That section is reserved for Doe defendants and others whose description is not "specific enough as to suggest their identity, citizenship, or relationship to the action," not for a corporate entity that was simply

UNITED STATES DISTRICT COURT    JS-6 / REMANDED
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-5157-DMG (PDx)** | Date | October 6, 2021 |
|---|---|---|---|
| Title | ***Justin Damiano v. Diamond W Inc., et al.*** | Page | 3 of 4 |

misnamed. *Gardiner Family, LLC v. Crimson Resource Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1035-36 (E.D. Cal. 2015); *see also Collins v. Garfield Beach CVS, LLC*, No. CV 17-3375-FMO (GJSx), 2017 WL 2734708, at *2 (C.D. Cal. June 26, 2017) ("[W]hen a plaintiff's allegations give a definite clue about the identity of the fictitious defendant . . . the court <u>should</u> consider the citizenship of the fictitious defendant."). Here, where the proper entity, Diamond W Supply, was properly served 29 days before Industrial Park removed, there can be no contention that it cannot be readily identified.[1] *See* Sweets Decl. ¶ 7 [Doc. # 25-1]. Indeed, other district courts have held that a defendant is not fraudulently joined where the plaintiff simply "named the wrong business entity." *Rider v. Sears Roebuck and Co.*, No. 11-2700-GAF (FMOx), 2011 WL 2222171, at *5 (C.D. Cal. June 7, 2011).

Second, that Diamond W Supply and the other California Defendants may have a defense to the claims under the doctrine of *Privette v. Superior Court*, 5 Cal. 4th 689 (1993), does not mean that they were fraudulently joined. Under *Privette*, "a hirer is typically not liable for injuries sustained by an independent contractor or its workers while on the job." *Gonzalez v. Mathis*, 12 Cal. 5th 29, __, 493 P.3d 212, 215 (2021). Industrial Park is not alleged to be the contractor for whom Plaintiff worked,[2] so this defense "[goes] to the merits of the action as an entirety, and not to the joinder; that is to say, it [may] indicate[] that the plaintiff's case was ill founded as to *all* the defendants." *Ritchey*, 139 F.3d at 1318 (quoting *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 153-54 (1914)) (emphasis added). Moreover, Industrial Park admits that there are exceptions to *Privette* where the contractor could not have reasonably discovered the dangerous condition and where the hirer actively controls the contractor. Opp. at 5. Therefore, there is at least a possibility that Plaintiff can prevail against Diamond W Supply. Plaintiff's failure to plead that either of these exceptions apply to Diamond W Supply does not mean that it was fraudulently joined, when Plaintiff can amend his pleading to add them.

The fact that Plaintiff and Diamond W Supply are both California citizens, therefore, destroys diversity jurisdiction and necessitates remand. Because Diamond W Supply's presence in the original Complaint (though erroneously named) destroyed diversity prior to removal,

---

[1] In its Opposition, Industrial Park claims instead that removal was proper under section 1441(b)(2) because Plaintiff failed to properly join and serve Diamond W Supply. Opp. at 7. Section 1441(b)(2) states that "a civil action *otherwise removable* solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Even if Diamond W Supply was not "properly joined and served" and this "forum defendant rule" could thus be disregarded, all parties still must be completely diverse under section 1332(a) in order for the Court to have subject matter jurisdiction.

[2] Industrial Park is allegedly the Property's owner, and Diamond W Supply is allegedly a lessee. Sweets Decl. ¶ 4. Plaintiff's employer, the contractor, was Howards Roofing, which is not a party to the lawsuit.

| | | |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | JS-6 / REMANDED |

| Case No. | CV 21-5157-DMG (PDx) | Date | October 6, 2021 |
|---|---|---|---|
| Title | *Justin Damiano v. Diamond W Inc., et al.* | Page | 4 of 4 |

whether Plaintiff can amend to add other non-diverse defendants after removal under section 1447(e), is moot.

## IV.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's MTR.  The action is hereby **REMANDED** to the Los Angeles County Superior Court.  Plaintiff's motion to amend his FAC is **DENIED** without prejudice as moot.  The October 8, 2021 hearing on the motion and the scheduling conference is **VACATED**.

**IT IS SO ORDERED.**